UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTHEASTERN LUMBER MANUFACTURERS ASSOCIATION, Plaintiff, v. SKY OF NEW YORK CORP., and TONG-IN INTERNATIONAL USA INC. Defendants. | Civ. Action No. 16-9487 **OPINION** |

**John Michael Vazquez, U.S.D.J.**

### I.  INTRODUCTION

This matter comes before the Court on Plaintiff Northeastern Lumber Manufacturers Association's ("NeLMA" or "Plaintiff") motion seeking a temporary restraining order ("TRO") and a preliminary injunction hearing schedule. On December 29, 2016, the Court held a hearing to address Plaintiff's requested relief. Defendants were not present at the hearing and have not made an appearance on the record.[1] For the reasons that follow, the Court grants the TRO and will set a briefing schedule for a preliminary injunction hearing.

### II.  BACKGROUND

   a. Facts[2]

---

[1] Defendant Sky of New York Corporation was served with notice of the hearing and motion at 9:49 a.m. on December 28, 2016. D.E. 6.

[2] The facts are taken from Plaintiff's Complaint and supporting documents.

NeLMA is a corporation offering "certification and inspection services to facilities that produce wood packaging materials (such as boxes, crates, skids, pallets) used to export goods" to other countries. Complaint ("Compl.") at ¶ 14 (D.E. 1). In connection with its services, NeLMA uses two registered trademarks as a "stamp" on wood packaging to certify that the wood meets certain international packaging standards. *Id.* at ¶ 6, 21, 22. The NeLMA stamp indicates that the wood packaging came from a NeLMA approved and inspected facility, and comports with a wood-treatment procedure known as ISPM 15.[3] *Id.* at ¶¶ 16, 20-22. ISPM 15 is a procedure that reduces the phytosanitary concerns related to global trade and the significant spread of pests through wood packaging materials. *Id.* at ¶ 16.

On or about May 13, 2010, Defendant Tong-IN International USA Inc. ("Tong-IN") entered into an agreement with NeLMA permitting Tong-IN to use the NeLMA mark in connection with Tong-IN's wood packaging and freight forwarding business. *Id.* at ¶ 26. Tong-IN was issued two certification stamps bearing the NeLMA mark and facility identification number 091156. *Id.* at ¶ 28. The parties' agreement stated that the NeLMA mark was to be applied only to wood packaging that complied with ISPM 15 and only at the facility to which the mark was assigned. *Id.* at ¶ 29.

On March 6, 2012, a NeLMA inspector went to the Tong-IN facility and discovered that it was padlocked with all of its contents removed. *Id.* at ¶ 37. On multiple occasions, NeLMA attempted to contact Tong-IN, but Tong-In could not be reached or located. *Id.* at ¶¶ 39-41. Tong-In did not return the NeLMA certification stamps. *Id.* at ¶ 41. NeLMA terminated its licensing agreement with Tong-In in 2012. *Id.* at ¶ 42.

---

[3] The full name of ISPM 15 is the International Standard for Phytosanitary Measures -- Guidelines for Regulating Wood Packaging Material in International Trade, Publication Number 15. Compl. at ¶ 15. That procedure was developed by the International Plant Protection Convention. *Id.*

2

On December 7, 2016, while inspecting the facility of another NeLMA licensee, a NeLMA inspector discovered two newly constructed boxes that had been stamped with the NeLMA mark and the Tong-IN facility identification number. *Id.* at ¶ 43. Through its licensee, NeLMA learned that Defendant Sky of New York Corporation ("Sky of NY") had made the boxes and applied the NeLMA stamp, which was subsequently confirmed by Sky of NY. *Id.* at ¶¶ 47-49.

On December 13, 2016, a NeLMA inspector traveled to the Sky of NY facility and observed the Tong-IN identification number and NeLMA mark being used to stamp certain boxes. *Id.* at ¶ 50. The NeLMA inspector photographed and seized the boxes bearing the mark. Declaration of Frederick Gladfelter ("Gladfelter Dec.") (D.E. 1-2). Neither Sky of NY nor Tong-In was authorized at that time to use the NeLMA certification stamp and trademark. Compl. at ¶¶ 51-52.

### b. **Procedural History**

On December 27, 2016, Plaintiff filed a complaint and a motion seeking an *ex parte* seizure order, temporary restraints, and a preliminary injunction hearing schedule alleging, among other things, that Defendants infringed on its NeLMA trademark. D.E. 1. That same day, the Court held an *ex parte* hearing with Plaintiff's counsel. The Court denied the *ex parte* order of seizure because, as of December 13, 2016, Sky of NY was aware that NeLMA photographed and seized the stamped boxes. Instead, the Court issued an Order which required Plaintiff to "serve Defendants with th[e] order as well as all documents previously filed with the Court in connection with Plaintiffs motion" as well as file proof of service. D.E. 4. The Court also ordered counsel for both parties to appear on December 29, 2016 for a hearing regarding Plaintiff's application for temporary restraints. *Id.* On December 28, 2016, Plaintiff served Sky

of NY. D.E. 6. On December 29, 2016, Plaintiff appeared for the TRO hearing, but Defendants did not.

### III.    LEGAL STANDARD AND ANALYSIS

According to Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order when "there is a possibility that irreparable injury will occur before the hearing on a preliminary injunction required by Rule 65(a) can be held." *Int'l Foodsource, LLC v. Grower Direct Nut Co.*, No. 16-3140, 2016 WL 4150748, at *6 (D.N.J. Aug. 3, 2016) (quoting *Trefelner ex rel. Trefelner v. Burrell School Dist.*, 655 F. Supp. 2d 581, 588 (W.D. Pa. 2009)). "The grant or denial of a temporary restraining order or a preliminary injunction is within the discretion of the Court." *Fed'n of State Massage Therapy Boards v. Acad. of Oriental Therapy, LLC*, No. 13-06317, 2013 WL 5888094, at *1 (D.N.J. Oct. 28, 2013) (citing *American Exp. Travel Related Services, Inc. v. Sidamon–Eristoff*, 669 F.3d 359, 366 (3d Cir.2012)).

"The standard used to evaluate whether the issuance of a temporary restraining order is warranted is the same as that used to evaluate whether the issuance of a preliminary injunction is appropriate." *Int'l Foodsource*, 2016 WL 4150748, at *6 (internal quotation marks omitted). That standard requires that a party show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

In order to show a likelihood of success on the merits of Plaintiff's trademark counterfeiting claim, it "must demonstrate that the "(1) defendants infringed a registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a), and that (2) the alleged infringer intentionally used the trademark with knowledge of its counterfeit nature, or remained

4

willfully blind to the product's counterfeit nature." *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 685-86 (D.N.J. 2015) (internal quotation marks omitted). Plaintiff has satisfied the first factor, likelihood of success on the merits, by presenting competent evidence that its NeLMA marks are trademarked and were improperly used by Sky of NY.

As to irreparable harm, the Third Circuit originally held that in trademark infringement actions, irreparable injury is presumed. *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 726 (3d Cir. 2004) ("Trademark infringement amounts to irreparable injury as a matter of law."). Since that decision, the United States Supreme Court held that in patent cases, irreparable harm is not presumed when there has been a showing of likelihood of success on the merits. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392-93 (2006). After *eBay*, the Third Circuit concluded "that there is no presumption of irreparable harm afforded to parties seeking injunctive relief in Lanham Act cases." *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 216 (3d Cir. 2014); *see also Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 511-12 (D.N.J. 2014) ("[A]fter *eBay*, irreparable harm must be established as a separate element, regardless of whether a plaintiff has shown infringement."). Here, Plaintiff has adequately demonstrated that Defendants' continued unauthorized use of its mark will cause irreparable harm by damaging its reputation and causing a loss of goodwill. *See Ferring Pharm.*, 765 F.3d at 212 n.6.

In balancing the harms to the parties, the Court finds that this factor favors Plaintiff. Sky of NY is not harmed by being precluded from using a trademark that it had no right to use in the first place. Additionally, Sky of NY is not harmed because it is not prohibited from engaging in business as long as it does not use NeLMA's mark. Plaintiff, on the other hand, would be harmed by Defendants continued unauthorized use of its trademark.

Finally, the public interest weighs in favor of Plaintiff because it benefits the public when valid trademarks are respected and not counterfeited.

## IV. CONCLUSION

For those reasons, Plaintiff's motion for a temporary restraining order is granted. An appropriate order accompanies this opinion. A second order will set forth a hearing schedule regarding Plaintiff's request for a preliminary injunction.

Dated: December 29, 2016

_____
John Michael Vazquez, U.S.D.J.